Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia
_____ Division

FILED MAILROOM
FEB -3 2026
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Graham Schiff

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

National Collegiate Athletic Association

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 1:26 CV 316
*(to be filled in by the Clerk's Office)*

Jury Trial: (check one)  ☐ Yes  ☑ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Graham Schiff
Street Address: 7814 Aberdeen Road
City and County: Bethesda, Montgomery
State and Zip Code: Maryland 20814
Telephone Number: 240-200-2737
E-mail Address: grahambschiff@gmail.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Defendant No. 1
    Name    National Collegiate Athletic Association, (NCAA)
    Job or Title *(if known)*
    Street Address    700 West Washington Street
    City and County    Indianapolis
    State and Zip Code    Indiana 46204
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

See Complaint

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.     If the defendant is a corporation

         The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Complaint

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. See Complaint

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 30th, 2026

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Graham Schiff

#### B.  For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____



# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*(15 U.S.C. § 1; 28 U.S.C. §§ 2201–2202)*

---

# INTRODUCTION

1. This action seeks prospective declaratory and injunctive relief preventing the National Collegiate Athletic Association ("NCAA") from enforcing any eligibility bylaw that would **penalize, diminish, or extinguish Plaintiff's NCAA eligibility in the future based on his participation in junior-college athletics.**
2. Plaintiff Graham H. Schiff is a Maryland resident who **intends to enroll at a Virginia community or junior college**, compete in collegiate basketball, and **then transfer to an NCAA institution** in pursuit of further intercollegiate and potential professional opportunities.
3. Plaintiff does **not** seek relief to compel a junior-college tryout or participation. Plaintiff seeks relief to ensure that **junior-college participation is not later used as a basis to restrict NCAA eligibility,** seasons of competition, or transfer rights.
4. NCAA bylaws governing junior-college participation, seasons of competition, and eligibility carry **future-disqualifying consequences** that attach automatically and irreversibly once participation occurs.
5. Courts have increasingly enjoined NCAA eligibility rules where those rules function as **unlawful restraints on athlete labor markets,** including rules that penalize athletes for prior participation or status rather than academic or safety-based considerations.
6. Plaintiff seeks **pre-enforcement relief** so that he may pursue junior-college competition **without forfeiting or impairing future NCAA eligibility.**



## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and the Sherman Act, 15 U.S.C. § 1. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.
8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff intends to enroll and compete at a Virginia community or junior college, and NCAA eligibility determinations affecting Virginia institutions would occur here.
9. The NCAA is subject to personal jurisdiction in this District because it conducts substantial activities here and enforces its bylaws against member institutions in Virginia.

## PARTIES

10. **Plaintiff Graham H. Schiff** is a Maryland resident intending to enroll at a Virginia community or junior college, compete in basketball, and later transfer to an NCAA institution.
11. **Defendant National Collegiate Athletic Association** is an unincorporated association that promulgates and enforces eligibility bylaws governing intercollegiate athletics nationwide.

## FACTUAL ALLEGATIONS

12. The NCAA exercises monopoly control over the dominant market for intercollegiate athletic competition and acts as a gatekeeper to NCAA participation, exposure, and professional advancement.
13. The NCAA enforces bylaws that regulate eligibility based on:

a. junior-college participation,

b. seasons of competition,

c. time-based eligibility calculations, and

d. status-based classifications unrelated to athletic ability or academic standing.

14. These bylaws operate such that **participation at a junior college automatically triggers future NCAA eligibility penalties**, including loss of seasons, denial of eligibility, or transfer restrictions.
15. Plaintiff intends to compete at a junior college **for the purpose of development and exposure**, with the expectation of transferring to an NCAA institution.
16. Absent judicial relief, Plaintiff faces a **credible and imminent threat** that the NCAA will later enforce its bylaws to penalize him for lawful junior-college participation, thereby foreclosing or diminishing NCAA opportunities.
17. Courts have granted emergency relief to athletes where NCAA eligibility rules threatened to impose **irreversible eligibility consequences** based on prior participation, including cases involving transfer and re-eligibility disputes such as those litigated by Diego Pavia and others.
18. Plaintiff's claim is **stronger** than those cases because Plaintiff seeks relief **before any eligibility penalty attaches**, not after eligibility has already been denied.
19. Once NCAA eligibility is reduced or extinguished, the injury is permanent and cannot be cured through post-hoc remedies.

## STANDING AND JUSTICIABILITY

20. Plaintiff has Article III standing.
21. Plaintiff's intent to enroll at a Virginia junior college, compete, and later transfer to an NCAA institution is concrete and imminent.
22. The fact that Plaintiff has not yet enrolled does not defeat standing. Courts recognize **pre-enforcement challenges** where a regulatory scheme creates a real and immediate threat of future disqualification or market exclusion.



23. NCAA eligibility penalties attach **automatically** upon participation. Requiring Plaintiff to first participate and then suffer eligibility loss would nullify meaningful judicial review.

24. Plaintiff's injuries are:

a. concrete and imminent;
b. fairly traceable to NCAA eligibility bylaws; and
c. redressable by declaratory and injunctive relief preserving full NCAA eligibility.

---

# CLAIMS FOR RELIEF

## COUNT I — Sherman Act § 1

(Unlawful Restraint of Trade)

25. NCAA eligibility bylaws governing junior-college participation constitute agreements in restraint of trade affecting interstate commerce.

26. These rules suppress athlete labor markets by penalizing lawful participation and foreclosing future NCAA opportunities without adequate pro-competitive justification.

27. As applied to Plaintiff, the bylaws operate as **status-based disqualifications** untethered to academic integrity, health, or safety.

---

## COUNT II — Declaratory Relief

28. An actual controversy exists regarding the NCAA's authority to enforce eligibility penalties against Plaintiff based on junior-college participation.

29. Plaintiff seeks a declaration that such enforcement would violate the Sherman Act as an unlawful restraint of trade.

### COUNT III — Injunctive Relief

30. Plaintiff seeks preliminary and permanent injunctive relief prohibiting the NCAA from:

a. counting any junior-college participation by Plaintiff against his NCAA eligibility;

b. reducing Plaintiff's seasons of competition based on junior-college athletics; or

c. otherwise penalizing Plaintiff's NCAA eligibility based on junior-college status.

---

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that NCAA eligibility rules penalizing Plaintiff's future NCAA eligibility based on junior-college participation violate federal antitrust law;

B. Enjoin the NCAA from enforcing any eligibility bylaw that would diminish or extinguish Plaintiff's NCAA eligibility due to junior-college participation;

C. Order preservation of Plaintiff's full NCAA eligibility pending final judgment;

D. Grant such other relief as the Court deems just and proper.

*[Signature]*
1/30/2026